Ely Grinvald, Esq. (SBN 285475)
2355 Westwood Blvd., #562
Los Angeles, CA 90064
Phone: (310) 405-5684
grinvaldely@gmail.com

*Attorney for Plaintiff,*
*Gloria Alvarado*

Electronically Filed
Superior Court of California
County of San Bernardino
Victorville District
9/5/2025 1:56 PM
By: Alyssa Leber, DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN BERNARDINO, CIVIL DIVISION

| | |
|---|---|
| **GLORIA ALVARADO,**<br><br>　　　　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**PHILLIPS & COHEN ASSOCIATES LTD.,**<br><br>　　　　　　　　　**Defendant.** | Case No: CIVVS2506014<br><br>**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**Unlimited Civil Action; Amount Demanded Exceeds $35,000.00**<br><br>1.　15 U.S.C. § 1692, *et seq*.<br>2.　RFDCPA, Cal. Civ. Code. § 1788 et seq. |

Plaintiff Gloria Alvarado, by and through the undersigned counsel, complains, states, and alleges against defendant Phillips & Cohen Associates Ltd., as follows:

### INTRODUCTION

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* (the "RFDCPA").

- 1 -

COMPLAINT AND
DEMAND FOR JURY TRIAL

2.  In 1977, Congress enacted the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 USC §§ 1692 *et seq.*, in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) and (c).

3.  Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id*., § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who failed to comply with the Act. *Id*., § 1692k.

4.  In determining whether a collection letter violates the FDCPA, courts in the Ninth Circuit apply the least sophisticated consumer standard, "[i]f the least sophisticated debtor would likely be misled by a communication from a debt

- 2 -

COMPLAINT AND
DEMAND FOR JURY TRIAL

collector, the debt collector has violated the [FDCPA]." *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007).

5. The FDCPA does not ordinarily require proof of an intentional violation, and is considered a strict liability statute, whereby a single violation is sufficient to establish civil liability against a debt collector.

6. The California Legislature in passing the RFDCPA found that "[u]nfair or deceptive collection practices undermine the public confidence. . ." Cal. Civ. Code § 1788.1(a)(1). "There is need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty and due regard for the rights of the other." *Id.* at § 1788.1(a)(2).

7. Therefore, a purpose of the RFDCPA is "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts. . ." *Id.* at § 1788.1(b).

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiff's claims.

9. This Court has jurisdiction over Defendant Phillips & Cohen Associates Ltd. because defendant regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this County.

10. Venue is proper in this County because a substantial part of the conduct complained of herein occurred in this County.

COMPLAINT AND DEMAND FOR JURY TRIAL

# PARTIES

11. Plaintiff Gloria Alvarado ("Plaintiff") is a natural person who is a citizen of the State of California, residing in Adelanto, San Bernardino County, California.

12. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

13. Plaintiff is a "person" as that term is defined by Cal. Civ. Code § 1788.2.(g).

14. Defendant Phillips & Cohen Associates Ltd. ("Phillips") is a company existing under the laws of the State of New Jersey, with its principal place of business in Wilmington, Delaware.

15. Phillips has transacted business within this state as is more fully set forth hereinafter in this Complaint.

16. Phillips regularly collects or attempts to collect debts asserted to be owed to others.

17. Phillips is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18. The principal purpose of Phillips' business is the collection of such debts.

19. Phillips uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20. Phillips is a "debt collector" as that term is defined by 15 U.S.C. §

1692a(6).

21. Phillips is a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

22. Phillips contends that Plaintiff owes a debt for a Merrick Bank Corporation account ("Merrick Bank").

23. In an effort to collect the alleged debt, Phillips sent Plaintiff a letter dated, February 20, 2025 (the "February Letter").

24. The February Letter was the initial communication from Phillips regarding the alleged debt.

25. The February Letter demanded payment in the amount of $1,850.59.

26. However, Plaintiff had previously disputed the debt with Merrick Bank through the credit reporting agencies.

27. Under § 1692g(a) of the FDCPA, within five days of an initial communication with a consumer, a debt collector must provide a written notice, that contains relevant information about the debt and how to dispute it.

28. Pursuant to the FDCPA § 1692g(a), the debt collector must:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;

COMPLAINT AND DEMAND FOR JURY TRIAL

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

29. Pursuant to Regulation F of 12 CFR § 1006.34(b)(5) "Validation period means the period starting on the date that a debt collector provides the validation information required by paragraph (c) of this section and ending 30 days after the consumer receives or is assumed to receive the validation information. For purposes of determining the end of the validation period, the debt collector may assume that a consumer receives the validation information on any date that is at least five days (excluding legal public holidays identified in 5 U.S.C. 6103(a), Saturdays, and Sundays) after the debt collector provides it."

30. The August Letters stated, in the relevant part, "**Call or write to us by March 29, 2025, to dispute all or part of the debt.** If you do not, we will assume that our information is correct."

31. The August Letters provided Plaintiff a deadline of March 29, 2025, to

- 6 -

COMPLAINT AND DEMAND FOR JURY TRIAL

dispute the alleged debts, request validation, and/or request the name and address of the original creditor.

32. Based upon the receipt of the letter, the February Letter was not mailed on February 20, 2025.

33. Based upon the receipt of the letter, the February Letter was mailed on a date later than February 20, 2025.

34. The deadline for Plaintiff to dispute the alleged debts and/or request validation is not March 29, 2025.

35. The deadline for Plaintiff to dispute the alleged debts and/or request validation is a later date.

36. In fact, March 29, 2025, was a Saturday.

37. However, based upon the February Letter, Phillips' office was only open until 12 p.m. ET, or 9 a.m. PST, Plaintiff's time zone.

38. The February Letter provides a dispute and validation deadline that is contrary to the Validation Notice of the FDCPA.

39. Pursuant to the 15 U.S.C. § 1692g(b), in the relevant part, "…Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

40. By providing a validation deadline date of March 29, 2025, Phillips

overshadowed Plaintiff's rights.

41. By providing a validation deadline date of March 29, 2025, Phillips does not provide Plaintiff the full thirty days.

42. By providing a validation deadline date of March 29, 2025, Phillips shortened the requisite validation period.

43. Plaintiff was confused, misled, and/or deceived by the February Letter because Plaintiff previously disputed the alleged debt.

44. The acts of Phillips as described in this Complaint were performed by Phillips or on Phillips' behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to Phillips in this Complaint shall mean Phillips or their owners, officers, agents, and/or employees.

45. Phillips' conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Phillips' conduct.

46. Plaintiff justifiably fears that, absent this Court's intervention, Phillips will continue to use abusive, deceptive, unfair, and unlawful means in their attempts to collect the alleged debt and other alleged debts.

47. Plaintiff justifiably fears that, absent this Court's intervention, Phillips will ultimately cause Plaintiff further unwarranted economic harm.

48. Plaintiff justifiably fears that, absent this Court's intervention, Phillips will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

49. Plaintiff justifiably fears that, absent this Court's intervention, Phillips will ultimately cause Plaintiff to be sued.

50. Plaintiff has the right to live without being subject to false claims from Phillips. Plaintiff has the right to be free from invasions into her privacy and intrusions upon her solitude and seclusion. Plaintiff has the right to be free from harassing, annoying, oppressive, and abusive conduct. Phillips infringed upon Plaintiff's rights, causing her concern, worry, loss of time, emotional distress, and economic harm.

51. A favorable decision herein would serve to deter Phillips from further similar conduct.

## FIRST COUNT
### Against Defendant Phillips
**(Violation of 15 U.S.C. §§ 1692g(a) and § 1692g(b))**

52. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

53. Plaintiff is a "consumer" as that term defined by the FDCPA.

54. Phillips is a "debt collector" as that term is defined by the FDCPA.

55. The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

COMPLAINT AND DEMAND FOR JURY TRIAL

56. The February Letter each are a "communication" as that term is defined by the FDCPA.

57. The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

58. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

59. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

60. The February Letter stated, in the relevant part, "Call or write to us by March 29, 2025, to dispute all or part of the debt. If you do not, we will assume that our information is correct."

61. The February Letter provided Plaintiff a deadline of March 29, 2025, to dispute the alleged debts, request validation, and/or request the name and address of the original creditor.

62. Based upon the receipt of the letter, the February Letter was not mailed on February 20, 2025.

63. Based upon the receipt of the letter, the February Letter was mailed on a date later than February 20, 2025.

64. The deadline for Plaintiff to dispute the alleged debts and/or request validation is not March 29, 2025.

65. The deadline for Plaintiff to dispute the alleged debts and/or request validation is a later date.

66. In fact, March 29, 2025, was a Saturday.

67. Based upon the February Letter, Phillips' office was only open until 12 p.m. ET, or 9 a.m. PST, Plaintiff's time zone.

68. The February Letter provides a dispute and validation deadline that is contrary to the Validation Notice of the FDCPA.

69. By providing a validation deadline date of March 29, 2025, Phillips overshadowed Plaintiff's rights.

70. By providing a validation deadline date of March 29, 2025, Phillips does not provide Plaintiff the full thirty days.

71. By providing a validation deadline date of March 29, 2025, Phillips shortened the requisite validation period.

72. As such, Phillips did not accurately set forth the deadline for Plaintiff to dispute the alleged debts as required by 15 U.S.C. § 1692g(a)(3).

73. Pursuant to the 15 U.S.C. § 1692g(b), in relevant part, "…Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

74. Pursuant to Regulation F of 12 CFR § 1006.34(b)(5) "Validation period means the period starting on the date that a debt collector provides the validation information required by paragraph (c) of this section and ending 30 days after the consumer receives or is assumed to receive the validation information. For purposes of determining the end of the validation period, the debt collector may assume that a consumer receives the validation information on any date that is at least five days (excluding legal public holidays identified in 5 U.S.C. 6103(a), Saturdays, and Sundays) after the debt collector provides it."

75. By providing a concrete deadline, not taking into consideration the FDCPA validation period, as well as 12 CFR § 1006.34(b)(5), Phillips has shortened the requisite validation period and overshadowed Plaintiff's rights.

76. Phillips deprived Plaintiff of Plaintiff's statutory rights by failing to provide Plaintiff a full 30 days to dispute the alleged debt and/or request verification of the alleged debt.

77. Phillips infringed upon Plaintiff's statutory rights by failing to provide Plaintiff a full 30 days to dispute the alleged debt and/or request verification of the alleged debt.

78. For the foregoing reasons, Phillips violated 15 U.S.C. §§ 1692g, 1692g(a)(3), and 1692g(b), and is liable to Plaintiff therefor.

## SECOND COUNT
**Against Defendant Phillips**
**(Violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f)**

79. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

80. The Plaintiff is a "consumer" as that term defined by the FDCPA.

81. Phillips is a "debt collector" as that term is defined by the FDCPA.

82. The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

83. The February Letter is a "communication" as that term is defined by the FDCPA.

84. The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

85. 15 U.S.C. § 1692d provides, generally, that a debt collector may not engage in conduct the natural consequence of which is to harass, abuse, and/or oppress.

86. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

87. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

88. The February Letter violated the FDCPA because it misled and/or deceived Plaintiff regarding whether Plaintiff was required to dispute the alleged debt again because Plaintiff had previously disputed the alleged debt with Merrick Bank.

89. The February Letter was unfair and/or unconscionable because Plaintiff previously disputed the alleged debt with Merrick Bank, and Plaintiff was left wondering whether Plaintiff was required to dispute the alleged debt again.

90. The February Letter was harassing and/or oppressive because Plaintiff previously disputed the alleged debt with Merrick Bank, and Plaintiff was subjected to continued collection activity.

91. For the foregoing reasons, Phillips violated 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f, and is liable to Plaintiff therefor.

# THIRD COUNT
## Against Defendant Phillips
### (Violation of Cal. Civ. Code § 1788.17)

92. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

93. Cal. Civ. Code § 1788.17 provides that a violation of the FDCPA is also a violation of the RFDCPA.

94. Defendants' conduct described herein violates the FDCPA, thus violating Cal. Civ. Code § 1788.17, making Phillips liable to Plaintiff therefor.

## JURY DEMAND

95. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered as follows:

   a. Finding Defendant's actions violate the FDCPA and RFDCPA;
   b. Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k;
   c. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis;
   d. Awarding damages to Plaintiff pursuant to Cal. Civ. Code § 1788.30(b);
   e. Awarding Plaintiff's attorneys' fees pursuant to Cal. Civ. Code § 1788.30(c);
   f. Awarding Plaintiff punitive damages to be determined at trial, for the sake of example and punishing defendant for its malicious conduct, pursuant to Cal. Civ. Code § 3294;

g. Awarding the costs of this action to Plaintiff; and

h. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

i. Such other and further relief that the Court determines is just and proper.

DATED: September 5, 2025

                                          Respectfully submitted,

                                          */s/: Ely Grinvald, Esq.*
                                          Ely Grinvald, Esq.
                                          2355 Westwood Blvd., #562
                                          Los Angeles, CA 90064
                                          Phone: (310) 405-5684
                                          grinvaldely@gmail.com

                                          *Attorney for Plaintiff*
                                          *Gloria Alvarado*

COMPLAINT AND DEMAND FOR JURY TRIAL